IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CESAR ARREOLA-ORTEGA, SALVADOR CANTERO, NOE ROMAN on behalf of themselves and other similarly situated individuals, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | Judge |
| M & J ASPHALT PAVING COMPANY, INC., and JAMES V. DISTASIO, Individually, | ) ) ) ) | Magistrate Judge |
| Defendants. | ) ) | JURY DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiffs Cesar Arreola-Ortega, Salvador Cantero, and Noe Roman, on behalf of themselves and others similarly situated, and against M & J Asphalt Company, Inc. and James V. Distasio, individually (collectively "Defendants") state as follows:

**Nature of the Case**

1.  This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for Defendants' failure to pay Plaintiffs and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours in a work week in violation of the FLSA and IMWL, and for failure to pay the agreed rate of pay and as final compensation under the IWPCA.

1

**Jurisdiction and Venue**

1. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

2. Venue is proper in this judicial district because Defendants' place of business is located within this judicial district and the events giving rise to Plaintiffs' claims occurred in this judicial district.

**Parties**

3. Plaintiffs reside in and are domiciled in the State of Illinois and within this judicial district.

4. At all relevant times, Plaintiffs were Defendants' "employees" as defined by the FLSA, 29 U.S.C. §201 *et seq.*, and IMWL, 820 ILCS 105/1 *et seq*.

5. Within the relevant time period, Defendant M & J Asphalt Paving Company, Inc. (M & J Asphalt):

   a. has been a corporation organized under the laws of the State of Illinois;

   b. has had its principal place of business at 3124 S. 60th Ct, Cicero, Illinois, within this judicial district;

   c. has conducted business in Illinois and within this judicial district;

   d. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

   e. has had two (2) or more employees who have handled goods that moved in interstate commerce; and

2

    f. was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d) and IMWL, 820 ILCS 105/3(c).

6. Within the relevant time period, Defendant James V. Distasio:

    a. has been a principal of a corporation organized under the laws of the State of Illinois;

    b. has worked at its principal place of business at 2650 N. Lakeview Ave, Apt 3703 Chicago, Illinois within this judicial district;

    c. has conducted business in Illinois and within this judicial district;

    d. has been the owner or operator of M & J Asphalt Paving Company, Inc.

    e. has had two (2) or more employees who have handled goods that moved in interstate commerce; and

    f. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d) and IMWL, 820 ILCS 105/3(c).

**Facts**

7. Defendant M & J Asphalt is a corporation specializing in asphalt, concrete, and snow and ice removal.

8. Defendant James V. Distasio is the owner or operator of M & J Asphalt.

9. Plaintiff Cesar Arreola-Ortega worked as a laborer for M & J Asphalt on construction jobs laying concrete and asphalt, doing demolition, loading, unloading and driving equipment, and other support work.

10. Cesar Arreola Ortega worked for Defendants from June 2011 to July 2017.

11. Ceasar Arreola-Ortega was paid $40.20 per hour.

12. Salvador Cantero worked as a laborer for M & J Asphalt on construction jobs laying concrete and asphalt, doing demolition, loading, unloading and driving equipment, and other support work.

13. Salvador Cantero was paid $40.20 per hour.

14. Salvador Cantero worked for Defendants from April 2015 to July 2017.

15. Noe Roman worked as a laborer for M & J Asphalt on construction jobs laying concrete and asphalt, doing demolition, loading, unloading and driving equipment, and other support work.

16. Noe Roman was paid $40.20 per hour.

17. Noe Roman worked for Defendants from June 2011 to July 2017.

18. Plaintiffs were directed to work and did work over forty (40) hours in individual workweeks.

19. Throughout the period from August 2007 through July 2017, the Defendants failed to pay Plaintiffs and other employees similarly situated for the hours worked by them over 40 hours in a week at the full-time and a half-overtime rate required by law.

20. Instead, the Plaintiffs and similarly situated employees only received an amount equal to or approximately equal to their normal hourly rate of $40.20 per hours multiplied by the total hours worked in a week, regardless of whether the hours worked were over 40 hours.

21. Plaintiffs and similarly situated employees were also required by Defendants to regularly report to the Defendants' premises to load and drive paving and related equipment to worksites and otherwise to prepare the work sites.

22. Defendants did not compensate Plaintiffs and similarly situated employees for all the hours Plaintiffs and other employees actually spent in loading and driving the equipment to work sites and other work to prepare the work sites.

23. Plaintiffs and similarly situated employees were also required by Defendants to regularly return the paving and related equipment back to the shop and unload that equipment.

24. Defendants failed to compensate Plaintiffs and similarly situated employees for all the hours spent driving and unloading such equipment at the end of the work day.

25. Instead, Defendants only paid Plaintiffs and similarly situated employees for 30 minutes for travel time to the site at the beginning of the work day and 30 minutes for travel time from the work site at the end of the work day.

26. Loading and unloading the paving and related equipment and travel to and from the work site always took substantially more hours than the limited 30 minute blocks of time for which Plaintiffs and similarly situated employees were compensated by Defendants.

27. As a result Plaintiffs were not paid for all hours worked when they loaded and unloaded equipment and drove that equipment both to and from the work site, and were not paid for all hours over 40 hours in a week at the time-and-a-half rate for the work performed at the work sites.

28. Plaintiffs and similarly situated employees worked under a collective bargaining agreement that required Defendants to pay $40.20 per hour as plaintiffs' normal rate of hourly pay.

29. Plaintiffs and similarly situated employees were entitled to to be paid time-and-half their normal rate of pay for hours worked over 40 hours in individual workweeks, including hours at the work sites and hours driving equipment to and from the work sites.

**Class Action Allegations**

30. Plaintiffs seek to certify this case both as a collective action as to the federal claims as to Counts I and II, and as a class action pursuant to Fed. R. Civ. P. Rule 23(b)(3) for their state law claims for Illinois-mandated overtime wages (Counts III, IV and V) arising under the IMWL and IWPCA.

31. The IMWL class pertaining to Count III that Plaintiffs seek to represent is defined as: All individuals employed by M & J Asphalt and James V. Distasio and classified as non-exempt from overtime provisions of the FLSA and IMWL who worked in excess of forty (40) hours in any individual workweeks for the period of August 14, 2014 through the date of judgment.

32. The IMWL class pertaining to Count IV that Plaintiffs seek to represent is defined as: All individuals employed by M & J Asphalt and James V. Distasio and classified as non-exempt from overtime provisions of the FLSA and IMWL who loaded or unloaded equipment and drove that equipment to or from worksites in any individual workweeks for the period of August 14, 2014 through the date of judgment.

33. The IWPCA class pertaining to Count V that Plaintiffs seek to represent is defined as: All individuals employed by M & J Asphalt and James V. Distasio and classified as non-exempt from overtime provisions of the FLSA and IMWL who worked in excess of forty (40) hours in any individual workweeks for the period of August 14, 2007 through the date of judgment.

34. Counts III, IV, and V are brought pursuant to Fed. R. Civ. P. Rule 23 (a) and (b)(3) because:

   a. The class is so numerous that joinder of all members is impracticable:

b. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants have employed many individuals in Illinois during the IMWL and IWPCA Class Periods;

c. There are questions of fact or law common to the class, of which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

   i. Whether Defendants misclassified Plaintiffs and the Class as exempt from the overtime provisions of the IMWL and IWPCA.

   ii. Whether Defendants failed to pay Plaintiffs and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL and IWPCA Class Period.

d. Plaintiffs will fairly and adequately represent and protect the interests of the Class members. Plaintiffs' Counsel is competent and experienced in litigating discrimination and other employment class actions (See Exhibits A, B and C, Plaintiffs' consents to sue);

e. The class representatives and the members of the class have been equally affected by Defendants' failure to pay Illinois overtime wages;

f. The class representatives, class members and Defendants have a commonality of interest in the subject matter and remedies sought and the class representatives are able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendants, and the Court.

35.  Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## Count I
## Violation of the Fair Labor Standards Act–Overtime Wages
### *Section 216(b) Collective Action*

36.  Plaintiffs incorporate and re-allege paragraphs 1 through 35 of this Complaint, as though set forth herein.

37.  The matters set forth in this Count arise from Defendants' violation of the overtime provisions of the FLSA.

38.  In the three years prior to the filing of this complaint, Defendants suffered or permitted Plaintiffs to work, and Plaintiffs did in fact work, in excess of forty (40) hours in individual workweeks during their employment with Defendants.

39.  In the three years prior to the filing of this complaint, Defendants likewise suffered or permitted other similarly situated employees to work who did, in fact, perform work for Defendants in excess of forty (40) hours in individual work weeks but did not compensate them at least at the overtime wage rate of one and a half times their regular rate of pay for all time worked in excess of forty (40) hours a week at the work sites.

40.  Plaintiffs and other similarly situated employees were not exempt from the overtime wage provisions of the FLSA.

41.  Plaintiffs and other similarly situated employees were entitled to be compensated at the rate of one and a half times their regular rate for all time worked in excess of forty (40) hours in individual workweeks.

42. Defendants violated the FLSA by failing to compensate Plaintiffs and other similarly situated employees' overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

43. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiffs filing their complaint because Defendants' violation was willful.

WHEREFORE, Plaintiffs and similarly situated employees pray for a judgment against Defendants as follows:

> A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA and direct that notice be sent out in English and Spanish at the earliest possible date
>
> B. That the Court enter judgment in the amount of unpaid overtime wages for all the time Plaintiffs and similarly situated employees worked in excess of forty (40) hours in individual work weeks for Defendants;
>
> C. That the Court award liquidated damages in the amount equal to the unpaid wages;
>
> D. That the Court declare the Defendants violated the FLSA;
>
> E. That the Court enjoin the Defendants from continuing to violate the FLSA;
>
> F. That the Court grant Plaintiffs' their attorneys' fees and costs of this action as provided by the FLSA; and
>
> G. That the Court grant such further relief this Court deems appropriate and just.

### Count II
### Violation of the Fair Labor Standards Act – Failure to Pay Wages for All Hours Worked
*Section 216(b) Collective Action*

44. Plaintiffs incorporate and re-allege paragraphs 1 through 44 of this Complaint, as though set forth herein.

45. The matters set forth in this Count arise from Defendants' violation of the FLSA for failure to pay employees for all hours worked at time-and-a-half-rate, or at all, for driving equipment to and from the work sites and preparing the work sites.

46. In the three years prior to the filing of this complaint, Defendants suffered or permitted Plaintiffs to work by loading and unloading equipment and driving that equipment to and from work sites while only compensating Plaintiffs for 30 minutes for travel time to and 30 minutes for travel time from worksites despite these tasks taking longer.

47. In the three years prior to the filing of this complaint, Defendants likewise suffered or permitted other similarly situated employees to work by loading and unloading equipment and driving that equipment to and from work sites while only compensating Plaintiffs for 30 minutes for travel time to and 30 minutes for travel time from worksites despite these tasks taking longer.

48. Plaintiffs and other similarly situated employees were not exempt from the overtime wage provisions of the FLSA.

49. Plaintiffs and other similarly situated employees were entitled to be compensated for all time worked driving equipment to and from the work sites in individual workweeks, including compensation at the time and a half rate when such time added to hours at the work sites exceeded 40 hours in a week.

50. Defendants violated the FLSA by failing to compensate Plaintiffs and other similarly situated employees' overtime wages for all time worked as described in this count.

51. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiffs filing their complaint because Defendants' violation was willful.

WHEREFORE, Plaintiffs and similarly situated employees pray for a judgment against Defendants as follows:

    A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

    B. That the Court enter judgment in the amount of unpaid wages for all the time Plaintiff and similarly situated employees worked in individual work weeks for Defendants;

    C. That the Court grant liquidated damages in the amount equal to the unpaid wages;

    D. That the Court declare the Defendants violated the FLSA;

    E. That the Court enjoin the Defendants from continuing to violate the FLSA;

    F. That the Court grant reasonable attorneys' fees and costs of this action as provided by the FLSA; and

    G. That the Court grant such further relief this Court deems appropriate and just.

**Count III**
**Violation of the Illinois Minimum Wage Law–Overtime Wages**
*Class Action*

52. Plaintiffs incorporate and re-allege paragraphs 1 through 51 of this Complaint, as though set forth herein.

53. The matters set forth in this Count arise from Defendants' violation of the overtime wage provision of the IMWL.

54. In the three years prior to the filing of this complaint, Defendants suffered or permitted Plaintiffs to work, and Plaintiffs did in fact work, in excess of forty (40) hours in individual workweeks during their employment with Defendants.

55. In the three years prior to the filing of this complaint, Defendants suffered or permitted other similarly situated employees to work, and other similarly situated employees did

in fact work, in excess of forty (40) hours in individual workweeks during their employment with Defendants.

56. Plaintiffs and other similarly situated employees were not exempt from the overtime wage provisions of the IMWL.

57. Plaintiffs and other similarly situated employees were entitled to be compensated at the rate of one and a half times their regular rate for all time worked in excess of forty (40) hours in individual workweeks.

58. Defendants violated the IMWL by failing to compensate Plaintiffs and similarly situated employees for all time worked in excess of forty (40) hours in individual workweeks.

WHEREFORE, Plaintiffs and similarly situated employees pray for a judgment against Defendants as follows:

A. That the Court determines that this action may be certified as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b)(3);

B. That the Court enter judgment in the amount of unpaid overtime wages for all the time Plaintiff and similarly situated employees worked in excess of forty (40) hours in individual workweeks for Defendants;

C. That the Court award damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D. That the Court declare the Defendants violated the IMWL;

E. That the Court enjoin the Defendants from continuing to violate the IMWL;

F. That the Court grant Plaintiffs their attorneys' fees and costs of this action as provided by the IMWL; and

G. That the Court grant other further relief this Court deems appropriate and just.

## Count IV
### Violation of the Illinois Minimum Wage Law–Failure to Pay Wages for All Hours Worked
*Class Action*

59. Plaintiffs incorporate and re-allege paragraphs 1 through 58 of this Complaint, as though set forth herein.

60. The matters set forth in this Count arise from Defendants' violation of the FLSA for failure to pay employees for all hours worked.

61. In the three years prior to the filing of this complaint, Defendants suffered or permitted Plaintiffs to work by loading and unloading equipment and driving that equipment to and from work sites while only compensating Plaintiffs for 30 minutes for travel time to and 30 minutes for travel time from worksites despite these tasks taking longer than 30 minutes.

62. In the three years prior to the filing of this complaint, Defendants likewise suffered or permitted other similarly situated employees to work by loading and unloading equipment and driving that equipment to and from work sites while only compensating Plaintiffs for 30 minutes for travel time to and 30 minutes for travel time from worksites despite these tasks taking longer.

63. Plaintiffs and other similarly situated employees were not exempt from the overtime wage provisions of the IMWL.

64. Plaintiffs and other similarly situated employees were entitled to be compensated for all time worked in individual workweeks.

65. Defendants violated the IMWL by failing to compensate Plaintiffs and other similarly situated employees' overtime wages for all time worked.

66. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiffs filing their complaint.

WHEREFORE, Plaintiffs and similarly situated employees pray for a judgment against Defendants as follows:

A. That the Court determines that this action may be certified as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b)(3);

B. That the Court enter judgment in the amount of unpaid wages for all the time Plaintiff and similarly situated employees worked in individual workweeks for Defendants;

C. That the Court award statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D. That the Court declare the Defendants violated the IMWL;

E. That the Court enjoin the Defendants from continuing to violate the IMWL;

F. That the Court grant Plaintiffs their attorneys' fees and costs of this action as provided by the IMWL; and

G. That the Court grant such further relief this Court deems appropriate and just.

### Count V
### Violation of the Illinois Wage Payment and Collection Act–Failure to Pay the Agreed Rate
*Class Action*

67. Plaintiffs incorporate and re-allege paragraphs 1 through 66 of this Complaint, as though set forth herein.

68. The matters set forth in this Count arise from Defendants' violation of the IWPCA.

69. In the ten years prior to the filing of this action the Plaintiffs and similarly situated employees have had an agreement with Defendants that Defendants will pay them wages at a fixed hourly rate for all time worked, designated as the "normal hourly rate" in this Complaint.

70. In the ten years prior to the filing of this action, the Plaintiffs and similarly situated employees had an agreement with the Defendants that Defendants will pay them wages at time-and-a half the normal hourly rate for all hours worked over 40 in individual workweeks.

71. In the ten years prior to the filing of this complaint, Defendants suffered or permitted Plaintiffs to work, and Plaintiffs did in fact work, in excess of forty (40) hours in individual workweeks during their employment with Defendants.

72. In the ten years prior to the filing of this complaint, Defendants suffered or permitted other similarly situated employees to work, and other similarly situated employees did in fact work, in excess of forty (40) hours in individual workweeks during their employment with Defendants.

73. Plaintiff and other similarly situated employees were entitled by their agreement with Defendants to be compensated at the rate of one and a half times their regular rate for all hours worked by them in excess of forty (40) hours in individual workweeks.

74. Defendants violated the IWPCA by failing to compensate Plaintiff and similarly situated employees for all hours worked by them in excess of forty (40) hours in individual workweeks.

WHEREFORE, Plaintiffs and similarly situated employees pray for a judgment against Defendants as follows:

> A. That the Court determines that this action may be certified as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);
>
> B. That the Court enter judgment in the amount of unpaid wages for all the time Plaintiff and similarly situated employees worked in excess of forty (40) hours in individual workweeks for Defendants;
>
> C. That the Court award statutory damages pursuant to the formula set forth in 820 ILCS 115/14(a);

D. That the Court declare the Defendants violated the IWPCA;

E. That the Court enjoin the Defendants from continuing to violate the IWPCA;

F. That the Court grant Plaintiffs their attorneys' fees and costs of this action
G. That the Court grant such other relief as may be appropriate and just.

Respectfully submitted,

Dated: August 14, 2017                              By: /s/ Thomas H. Geoghegan
                                                         One of Plaintiffs' Attorneys

Thomas H. Geoghegan
Michael P. Persoon
Sean Morales-Doyle
Despres, Schwartz & Geoghegan, Ltd.
77 West Washington Street, Suite 711
Chicago, Illinois 60602
admin@dsgchicago.com
(312) 372-2511


Neil Kelley
FARMWORKER & LANDSCAPER
ADVOCACY PROJECT
33 N. LaSalle Street, Suite 900
Chicago, IL, 60602
nkelley@flapillinois.org