IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CESAR ARREOLA-ORTEGA, SALVADOR CANTERO, NOE ROMAN on behalf of themselves and other similarly situated individuals, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 17 C 5927 |
| v. | ) ) | Judge Sharon Johnson Coleman |
| M & J ASPHALT PAVING COMPANY, INC. and JAMES V. DISTASIO, Individually, | ) ) ) ) | Magistrate Judge Susan E. Cox |
| Defendants. | ) | |

**THE PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT**

Plaintiffs Cesar Arreola-Ortega, Salvador Cantero, Noe Roman and Oscar Arreola-Ortega (collectively "Plaintiffs") and M&J Asphalt Paving Company, Inc. and James Distasio ("Defendants") (collectively referred to as the "Parties"), through their respective counsel, seek approval of their settlement of Plaintiffs' claims and potential claims they could have asserted in this lawsuit, including claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.* ("IWPCA"). The Parties respectfully submit that the terms of the settlement are fair, reasonable, and resolve a *bona* fide dispute between the Parties. In support of their Joint Motion for Approval of Settlement ("Motion") the Parties state as follows:

1. On August 14, 2017, Plaintiffs filed a Class Action Complaint (the "Complaint") against Defendants alleging unpaid overtime wages in violation of the FLSA, IMWL, and the IWPCA. Dkt. 1. On May 11, 2018, the named Plaintiffs filed a Motion to Facilitate Notice to

the Plaintiff Class pursuant to Section 216(b) of the FLSA (the "Motion for Class Certification"). Dkt. 22. The Court granted that Motion and approved notice. Dkt. 46. Notice was mailed to the class twice and one person, Oscar Arreola-Ortega, filed an opt-in form with the Court.

2. Prior to the filing of the Motion for Class Certification, the Parties engaged in extensive discovery for over ten (10) months, including exchanging written discovery, exchange of Electronically Stored Information ("ESI") of mobile phone records and taking six (6) depositions.

3. Over the past few months, the Parties have privately explored settlement. Thereafter, the Parties retained a private mediator, Michael Leech, who is experienced in mediating in wage and hour class actions. On May 21, 2019, the Parties held a private mediation that lasted for over fifteen (15) hours at which time the Parties reached a settlement of Plaintiffs' claims.

4. Court approval of FLSA settlements is necessary to effectuate a valid and enforceable release of FLSA claims asserted. *See Walton v. United Consumers Club, Inc*., 786 F.2d 303, 306 (7th Cir. 1986); *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 200 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (2016). Under the FLSA, employees may settle their claims if the Parties agree on the terms, and the court approves the settlement as "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1355 (11th Cir. 1982). Based upon the foregoing, the Parties request that this Court review their Settlement Agreement and General Release ("Settlement Agreement") and approve same. A copy of the Settlement Agreement is attached as **Exhibit 1** to the Parties' Memorandum of Law in Support of this Motion filed concurrently with the instant Motion.

5. The Settlement Agreement was negotiated at arm's length by experienced counsel concerning *bona fide* disputes between their clients after a production of extensive discovery and depositions. Moreover, the Settlement Agreement was reached after an all-day mediation conducted by a third-party mediator that was jointly selected by the Parties. Given these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

6. If the case did not settle, the Parties would have engaged in additional discovery, including what the Parties believe would have been extensive and costly ESI. Moreover, the Parties would have briefed cross-motions for summary judgment and, possibly, go to trial. In this case, the cost of discovery and trial would have exceeded the likelihood of recovery for Plaintiffs. Additionally, absent a settlement, the Plaintiffs face the always present possibility of little or no recovery of their claims and protracted discovery.

7. Lastly, Plaintiffs' attorneys' fees and costs are reasonable because of the issues presented in the case, and due to the amount of resources dedicated to analysis and prosecution of Plaintiffs' claims, including the negotiation and settlement of those claims. Accordingly, this Court should conclude that the proposed settlement reflects a fair and reasonable resolution of a *bona fide* dispute and approve the settlement between Plaintiffs and Defendants. Defendants do not oppose the amount of attorneys' fees and costs sought by Plaintiffs.

8. For all of these reasons, this Court should find that the proposed settlement reflects a fair and reasonable resolution of a *bona fide* dispute and approve the Settlement Agreement.

9. The Parties request that this Court dismiss this lawsuit as provided in the Agreed Proposed Order submitted for the Court's consideration.

WHEREFORE, the Parties respectfully request that this Court approve their negotiated Settlement Agreement and General Release and to dismiss this lawsuit with prejudice with each party to bear their own fees and costs in accordance with the Settlement Agreement and General Release.

| | |
|---|---|
| Dated: June 7, 2019 | Respectfully submitted, |
| M&J ASPHALT PAVING COMPANY, INC. & JAMES V. DISTASIO | CESAR ARREOLA-ORTEGA, SALVADOR CANTERO, NOE ROMAN and OSCAR ARREOLA-ORTEGA |
| By: /s/Antonio Caldarone<br>  One of their Attorneys | By: /s/Michael P. Persoon<br>  One of their Attorneys |
| Storrs W. Downey<br>Jeffrey Edward Kehl<br>Jessica B. Jackler<br>BRYCE DOWNEY & LENKOV LLC<br>200 North LaSalle Street, Suite 2700<br>Chicago, IL 60601<br>312-377-1501 (t)<br>312-377-1502 (f)<br>sdowney@bdlfirm.com<br>jkehl@bdlfirm.com<br>jjackler@bdlfirm.com | Thomas Howard Geoghegan<br>Michael Paul Persoon<br>Despres Schwartz & Geoghegan<br>77 West Washington Street, Suite 711<br>Chicago, IL 60602<br>(312) 372-2511<br>geogh711@gmail.com<br>admin@dsgchicago.com<br>mpersoon@dsgchicago.com |
| Antonio Caldarone<br>Laner Muchin, Ltd.<br>515 N. State St., Suite 2800<br>Chicago, IL 60654<br>(312) 467-9800<br>(312) 467-9470 (fax)<br>acaldarone@lanermuchin.com | Alexandria Santistevan<br>Farmworker & Landscaper Advocacy Project<br>33 N. LaSalle Street, Suite 900<br>Chicago, IL 60602<br>(312) 784-3541<br>asossa@flapillinois.org<br>litigation@flapillinois.org |
| Michael L. Blumenthal<br>Milton M. Blumenthal & Associates<br>105 W. Madison St., Suite 1004<br>Chicago, IL 60602 | |

(312) 372-3566
mike@mmblumenthal.com